1   **BLUMENTHAL, NORDREHAUG & BHOWMIK**
      Norman B. Blumenthal (State Bar #068687)
2     Kyle R. Nordrehaug (State Bar #205975)
      Aparajit Bhowmik (State Bar #248066)
3   2255 Calle Clara
    La Jolla, CA 92037
4   Telephone: (858)551-1223
    Facsimile: (858) 551-1232
5   Firmsite: www.bamlawca.com

6   Attorneys for Plaintiff

7

8

9

10

11

12

                **UNITED STATES DISTRICT COURT**

                **SOUTHERN DISTRICT OF CALIFORNIA**

13   SOTIRIOS STAMATIS, an individual, on       CASE No. _____  **'11 CV0226 DMS WVG**
14   behalf of himself and all persons similarly
     situated,                                   **CLASS ACTION COMPLAINT FOR:**
15
                                                 1.   UNFAIR COMPETITION IN
16              Plaintiff,                        VIOLATION OF CAL. BUS. & PROF.
                                                 CODE §§ 17200 *et seq*.; and,
17   vs.                                         2.   FAILURE TO PAY EARNED
                                                 WAGES IN VIOLATION OF CAL. LAB.
18   CITIMORTGAGE, INC.,                         CODE §§ 201, 202, 203, 204, 216 and
                                                 218.
19
                Defendant.                       **DEMAND FOR A JURY TRIAL**
20

21

22

23

24

25

26

27

28

—————————————————————————————————————————
                    CLASS ACTION COMPLAINT

1    Plaintiff Sotirios Stamatis ("PLAINTIFF"), an individual, alleges upon information and

2  belief, except for his own acts and knowledge, the following:

3

4                          **NATURE OF THE ACTION**

5    1.    Defendant CitiMortgage, Inc. hereinafter also referred to as "CITIMORTGAGE"

6  or "DEFENDANT" is the mortgage lending unit of Citigroup and is one of the top national

7  mortgage lenders in the United States.  CITIMORTGAGE originates and services residential

8  mortgages throughout the United States offering refinancing and investment products which

9  are sold through retail, online, and correspondent channels.  DEFENDANT's business

10 involves the providing of mortgage loan services to customers.  In order to provide these

11 services and execute the sales of the mortgage loans throughout California,

12 CITIMORTGAGE employs a fleet of loan representatives who market and sell

13 CITIMORTGAGE's products and services to customers.  CITIMORTGAGE compensates

14 these employees, in whole or in part, through the payment of commissions.  These

15 commissioned employees were given the titles of "Mortgage Consultant," "Mortgage Loan

16 Consultant," "Loan Consultant" "Loan Officer," "Home Loan Specialist," "Area Sales

17 Manager" and "Sales Manager."  These employees, collectively, all are referred to herein as

18 "Loan Representatives."

19    2.    During the CLASS PERIOD, CITIMORTGAGE failed to record and pay the

20 PLAINTIFF and all the other Loan Representatives who have terminated their employment with

21 DEFENDANT for all earned wages, including but not limited to unpaid commissions from

22 mortgage loans originated by the Loan Representatives.  As a result, even though the employee

23 performed all of the requisite work to legally earn the commission, delivered the sale to

24 DEFENDANT, and DEFENDANT received payment for services and/or products sold, for

25 these employees whose employment terminates prior to payment, DEFENDANT fails to pay

26 earned commissions to the former employees in violation of California law.

27    3.    CITIMORTGAGE's termination compensation policy unlawfully provided for

28 the forfeiture of earned wages from the sale of mortgage loans upon the Loan Representatives'

employment termination with CITIMORTGAGE.  CITIMORTGAGE's compensation policy
that required the forfeiture of earned wages for not remaining an employee through loan closing
is an unlawful restraint on these employees' mobility to move from job to job.
CITIMORTGAGE suffered no actual damages due to termination of employment prior to loan
closing.  As a result, CITIMORTGAGE's termination compensation policy is an unenforceable
penalty provision.  CITIMORTGAGE's termination compensation policy goes far beyond what
is necessary to protect CITIMORTGAGE's legitimate interests and CITIMORTGAGE's policy
resulted in a situation where the opportunities of employees to seek other employment were
unlawfully restricted.  California law ensures that every citizen shall retain the right to pursue
any lawful employment and enterprise of their choice while also protecting the legal right of
persons to engage in businesses and occupations of their choosing.  Thus, CITIMORTGAGE's
termination compensation policy which states that employees, "will only be credited for a
personal volume incentive award (if applicable) on loans that were Fully Credit-Approved by
the incumbent's termination date and that close within thirty (30) days of the incumbent's
termination date," is in violation of California law.  CITIMORTGAGE's termination policy
unlawfully infringes upon and interferes with the employees' right to obtain new employment.

4.     At the time the loan is sold by the Loan Representatives, the Loan
Representatives need to perform no further work for the loan to close.  The only contingency
to the Loan Representatives being paid a commission is DEFENDANT's loan processing by
others and the receipt of payment from the customer for mortgage loan services and/or products
sold.  In violation of this payment obligation, where as here the Loan Representatives'
employment is terminated after the sale but before DEFENDANT's receipt of payment from
the customers for services and/or products sold, DEFENDANT uniformly denies payment of
earned commission to the Loan Representatives.  As a result, the Loan Representatives who
have terminated their employment or have their employment terminated prior to the loan
closings fail to receive earned commission compensation for sales delivered to DEFENDANT.
DEFENDANT's forfeiture provision denying payment of earned commissions after termination
is therefore an unenforceable penalty provision which results in an unlawful forfeiture of earned

1  compensation, divests compensation from these employees simply because the payment from
2  the customer is received after the termination of employment, and is unconscionable within the
3  meaning of Cal. Lab. Code § 1670.5.

4       5.     The artistry in this business lies in the power of persuasion that manifests itself
5  in making the sale, and not in the routine, mechanical processing that underlies the machination
6  of mortgage lending after the sale is made.  As a result, the allocation of risks and/or costs set
7  forth in CITIMORTGAGE's policy were not justified by the circumstances under which the
8  policy was created because the policy was unreasonable under the circumstances existing at the
9  time the policy was created.  Moreover, the implied-in-law duty of good faith and fair dealing
10  imposes upon an employer a duty not to threaten to withhold or actually withhold earned wages,
11  maliciously and without probable cause, for the purpose of injuring employees by depriving
12  them of their vested interest in earning commissions from selling mortgage loans.  In addition,
13  CITIMORTGAGE has a duty to refrain from doing anything which would render performance
14  of the contract impossible by any act of CITIMORTGAGE.    Accordingly, where
15  CITIMORTGAGE fails to pay employees earned wages for not remaining employed through
16  the closing of the loans, even though the employee performed all of the requisite work to legally
17  earn the commission, CITIMORTGAGE's policy is void and an unenforceable penalty
18  provision.

19       6.     PLAINTIFF brings this Action against CITIMORTGAGE on behalf of himself
20  and on behalf of a class consisting of all individuals who were previously employed by
21  CITIMORTGAGE as a Loan Representative in California during the last four (4) years
22  ("CLASS" or "Class Members").  PLAINTIFF brings this Class Action to fully compensate the
23  Class Members for their losses incurred during the CLASS PERIOD caused by
24  CITIMORTGAGE's uniform policy and practice which fails to compensate the PLAINTIFF,
25  and the Class Members, for all earned wages.  CITIMORTGAGE's uniform policy and practice
26  alleged herein is an unfair, deceptive and unlawful practice whereby CITIMORTGAGE retained
27  and continues to retain wages due PLAINTIFF, and the Class Members, for unpaid
28  commissions.  PLAINTIFF, and the Class Members, seek an injunction enjoining such conduct

1  by CITIMORTGAGE in the future, relief for the named PLAINTIFF and Class Members who

2  have been economically injured by DEFENDANT's past and current unlawful conduct, and all

3  other appropriate legal and equitable relief.

4

5                                    **THE PARTIES**

6         7.      Defendant CitiMortgage, Inc. ("CITIMORTGAGE" or "DEFENDANT") is

7  a subsidiary of Citigroup and was founded in 2005.  CITIMORTGAGE was incorporated in

8  Tampa, Florida and is currently headquartered in O'Fallon, Missouri.  At all relevant times

9  mentioned herein, CITIMORTGAGE conducted and continues to conduct substantial and

10 regular business throughout California.

11        8.      The agents, servants, and/or employees of DEFENDANT and each of them

12 acting on behalf of DEFENDANT acted within the course and scope of his, her or its

13 authority as the agent, servant, and/or employee of DEFENDANT, and personally

14 participated in the conduct alleged herein on behalf of DEFENDANT with respect to the

15 conduct alleged herein.  Consequently, DEFENDANT is jointly and severally liable to the

16 PLAINTIFF and the other members of the CLASS, for the loss sustained as a proximate

17 result of the conduct of DEFENDANT's agents, servants, and/or employees.

18        9.      At all relevant times mentioned herein, Sotirios Stamatis ("PLAINTIFF")

19 resided in California.  PLAINTIFF was first employed by CITIMORTGAGE in California

20 as a Retail Loan Consultant from June 2006 to February 2007 and continued to work for

21 DEFENDANT as an Area Sales Manager from February 2007 to July 2009 when the

22 PLAINTIFF's employment terminated.  Throughout the PLAINTIFF's employment with

23 DEFENDANT, the PLAINTIFF earned commission compensation from the sales of

24 mortgage loans.  As a Retail Loan Consultant, the PLAINTIFF marketed and sold

25 DEFENDANT's mortgage loan services and products to residential consumers and received

26 commission compensation for the loans originated by the PLAINTIFF.  As an Area Sales

27 Manager, the PLAINTIFF primarily managed a team of loan consultants and was

28 responsible for authenticating the quality of the loans being submitted and following them

1  through until they were funded.  While the PLAINTIFF also continued to market and sell

2  DEFENDANT's mortgage loan services and products and was to receive commission

3  compensation for the loans originated by the PLAINTIFF, the PLAINTIFF also earned a

4  salary and was to receive commission compensation from overrides on the mortgage loans

5  originated by the PLAINTIFF's team of loan consultants.  DEFENDANT's termination

6  compensation policy of requiring continued employment until the time of payment

7  unlawfully prohibited the PLAINTIFF and all the other Loan Representatives from receiving

8  commission compensation from the mortgage loans originated by the Loan Representatives

9  where all tasks needed to be performed by them were completed.

10

11                                 **THE CONDUCT**

12         10.    CITIMORTGAGE failed to record and pay the PLAINTIFF and all the other

13  Loan Representatives who have terminated their employment with DEFENDANT for all earned

14  wages, including but not limited to unpaid commissions on mortgage loans originated by the

15  Loan Representatives.  As a result, even though the employee performed all of the requisite

16  work to legally earn the commission, delivered the sale to DEFENDANT, and DEFENDANT

17  received payment for services sold, for these employees whose employment terminates prior

18  to payment, DEFENDANT fails to pay earned commissions to the former employees in

19  violation of California law.  CITIMORTGAGE's termination compensation policy is an

20  unlawful ancillary restraint on these employees which penalizes their mobility to move from job

21  to job and causes the forfeiture of earned wages for not remaining employed through the closing

22  of the loans.  CITIMORTGAGE suffered no actual damages due to termination of employment

23  prior to loan closing.  As a result, CITIMORTGAGE's termination compensation policy is an

24  unenforceable penalty provision.  CITIMORTGAGE's termination compensation policy goes

25  far beyond what is necessary to protect CITIMORTGAGE's legitimate interests and

26  CITIMORTGAGE's policy resulted in a situation where the opportunities of employees to seek

27  other employment were unlawfully restricted.  California law ensures that every citizen shall

28  retain the right to pursue any lawful employment and enterprise of their choice while also

1  protecting the legal right of persons to engage in businesses and occupations of their choosing.
2  Thus, CITIMORTGAGE's termination compensation policy which states that employees, "will
3  only be credited for a personal volume incentive award (if applicable) on loans that were Fully
4  Credit-Approved by the incumbent's termination date and that close within thirty (30) days of
5  the incumbent's termination date," is in violation of California law.  CITIMORTGAGE's
6  termination policy unlawfully infringes upon and interferes with the employees' right to obtain
7  new employment.

8      11.    In violation of the applicable sections of the California Labor Code,
9  CITIMORTGAGE unlawfully as a matter of corporate policy, practice and procedure,
10  intentionally, knowingly and systematically failed to properly compensate the PLAINTIFF and
11  the Class Members for all earned wages.  CITIMORTGAGE had in place a company-wide
12  termination compensation policy that forced the PLAINTIFF and the Class Members to forfeit
13  earned wages for unpaid commissions from the sale of mortgage loans.  At the time the loan is
14  sold by the Loan Representatives, the Loan Representatives need to perform no further work
15  for the loan to close.  The only contingency to the Loan Representatives being paid a
16  commission is DEFENDANT's loan processing by others and the receipt of payment from the
17  customer for mortgage loan services and/or products sold.  In violation of this payment
18  obligation, where as here the Loan Representatives employment is terminated after the sale but
19  before DEFENDANT's receipt of payment from the customers for services and/or products
20  sold, DEFENDANT uniformly denies payment of earned commission to the Loan
21  Representatives.  As a result, the Loan Representatives who have or had their employment
22  terminated prior to loan closing failed to receive earned commission compensation for sales
23  delivered to DEFENDANT.  DEFENDANT's forfeiture provision denying payment of
24  commissions after termination, therefore, is an unenforceable penalty provision which results
25  in an unlawful forfeiture of earned compensation and divests compensation from these
26  employees.  This penalty provision is unconscionable within the meaning of Cal. Lab. Code §
27  1670.5.  These uniform and systematic policies, practices and procedures of CITIMORTGAGE
28  were intended to keep the Loan Representatives working for DEFENDANT and to purposefully

1   avoid the payment of wages required by California law which allows CITIMORTGAGE to

2   illegally profit and gain an unfair advantage over competitors.  To the extent equitable tolling

3   operates to toll claims by the CLASS against CITIMORTGAGE, the CLASS PERIOD should

4   be adjusted accordingly.

5        12.   CITIMORTGAGE has a uniform, company-wide termination compensation

6   policy and practice in California which provides for the forfeiture of earned wages for unpaid

7   commissions from the sale of mortgage loans.  The Loan Representatives who have terminated

8   or had their employment terminated prior to the loan closing fail to receive earned commission

9   compensation for sales delivered to DEFENDANT.  DEFENDANT's forfeiture provision

10  denying payment of commissions after termination, therefore, is an unenforceable penalty

11  provision which results in an unlawful forfeiture of earned compensation and divests

12  compensation from these employees.  This unenforceable penalty provision is unconscionable

13  within the meaning of Cal. Lab. Code § 1670.5.  This systematic and company-wide policy

14  originating at the corporate level is the cause of the illegal pay practices as described herein.

15

16                              **THE CLASS**

17       13.   PLAINTIFF brings this Action against CitiMortgage, Inc. pursuant to Fed. R.

18  Civ. Proc. 23(b)(2) and/or (3), on behalf of himself and on behalf of a class consisting of all

19  individuals who were previously employed by CITIMORTGAGE as a Loan Representative in

20  California during the last four (4) years ("CLASS" or "Class Members").  The applicable

21  "CLASS PERIOD" is defined as the period beginning on the date four (4) years prior to the

22  filing of this Complaint and ending on a date as determined by the Court.

23       14.   All commissioned Loan Representatives working for CITIMORTGAGE in

24  California are similarly situated in that they are all subject to CITIMORTGAGE's uniform

25  policy and systematic practice that requires them to forfeit earned wages and perform work

26  without compensation as required by law.

27       15.   During the CLASS PERIOD, CITIMORTGAGE uniformly violated the rights

28  of the PLAINTIFF and the Class Members under California law, without limitation, in the

following manners:

        (a)    Violating Business & Professions Code Sections 17200 *et seq.*, by committing acts of unfair competition in violation of the California Labor Code and public policy, by failing to pay the PLAINTIFF and the Class Members for all earned wages for unpaid commissions from the sale of mortgage loans due to the CLASS following the termination of employment;

        (b)    Violating Business & Professions Code Sections 17200 *et seq.*, by committing acts of unfair competition in violation of the California Labor Code and public policy, by having in place a company-wide policy, practice and procedure that failed to correctly calculate compensation due for sales by employees whose employment subsequently terminates; and,

        (c)    Violating California Labor Code Sections 201, 202, 203 and 204, by failing to tender timely and full payment and/or restitution of commissions and all other wages owed to the employees whose employment with DEFENDANT has terminated on sales for which payment was received by DEFENDANT after termination of employment.

16.    As a result of CITIMORTGAGE's uniform policies, practices and procedures, there are numerous questions of law and fact common to all Class Members who worked for CITIMORTGAGE in California during the CLASS PERIOD.  These questions include, but are not limited to, the following:

        (a)    Whether CITIMORTGAGE's policies, practices and pattern of conduct described in this Complaint was and is unlawful;

        (b)    Whether CITIMORTGAGE failed to compensate employees for all earned wages;

        (c)    Whether CITIMORTGAGE failed to pay commission compensation to

1    employees in violation of the California Labor Code and applicable

2    regulations and California Wage Order 4-2001;

3    (d)   Whether CITIMORTGAGE's policy and practice of failing to pay

4    employees all wages due within the time period required by law after

5    their employment terminated violates California law;

6    (e)   Whether CITIMORTGAGE has engaged in unfair competition by the

7    above-listed conduct; and,

8    (f)   Whether CITIMORTGAGE's conduct was willful.

9    17.   This Class Action meets the statutory prerequisites for the maintenance of a

10   Class Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

11   (a)   The persons who comprise the CLASS are so numerous that the joinder

12   of all such persons is impracticable and the disposition of their claims

13   as a class will benefit the parties and the Court;

14   (b)   Nearly all factual, legal, statutory, declaratory and injunctive relief

15   issues that are raised in this Complaint are common to the CLASS and

16   will apply uniformly to every member of the CLASS;

17   (c)   The claims of the representative PLAINTIFF are typical of the claims

18   of each member of the CLASS.  PLAINTIFF, like all the other Class

19   Members, was not correctly compensated for all hours worked because

20   of DEFENDANT's company policies and practices.  PLAINTIFF

21   sustained economic injuries arising from CITIMORTGAGE's

22   violations of California law.  PLAINTIFF and the Class Members are

23   similarly or identically harmed by the same unfair, deceptive, unlawful

24   and pervasive pattern of misconduct engaged in by CITIMORTGAGE;

25   and,

26   (d)   The representative PLAINTIFF will fairly and adequately represent and

27   protect the interest of the CLASS, and has retained counsel who are

28   competent and experienced in Class Action litigation.  There are no

material conflicts between the claims of the representative PLAINTIFF
and the Class Members that would make class certification
inappropriate.  Counsel for the CLASS will vigorously assert the claims
of all Class Members.

18.    In addition to meeting the statutory prerequisites to a Class Action, this Action
is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3),
in that:

(a)    Without class certification and determination of declaratory, injunctive,
statutory and other legal questions within the class format, prosecution
of separate actions by individual members of the CLASS will create the
risk of:

(i)    Inconsistent or varying adjudications with respect to individual
members of the CLASS which would establish incompatible
standards of conduct for the parties opposing the CLASS; or,

(ii)    Adjudication with respect to individual members of the CLASS
which would as a practical matter be dispositive of interests of
the other members not party to the adjudication or substantially
impair or impede their ability to protect their interests;

(b)    The parties opposing the CLASS have acted on grounds generally
applicable to the CLASS, making appropriate class-wide relief with
respect to the CLASS as a whole in that CITIMORTGAGE's company
policies and practices failed to provide commission compensation and
compensation for all earned wages; and,

(c)    Common questions of law and fact exist as to the Class Members and
predominate over any question affecting only individual members, and
Class Action is superior to other available methods for the fair and
efficient adjudication of the controversy, including consideration of:

(i)    The interests of the members of the CLASS in individually

1                   controlling the prosecution or defense of separate actions;

2             (ii)    The extent and nature of any litigation concerning the

3                   controversy already commenced by or against members of the

4                   CLASS;

5             (iii)   The desirability or undesirability of concentrating the litigation

6                   of the claims in the particular forum;

7             (iv)   The difficulties likely to be encountered in the management of a

8                   Class Action; and,

9             (v)    The basis of CITIMORTGAGE's policies and practices

10                  uniformly applied to all the Class Members.

11      19.    This Court should permit this Action to be maintained as a Class Action

12  pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), because:

13             (a)    The questions of law and fact common to the CLASS predominate over

14                   any question affecting only individual members;

15             (b)    A Class Action is superior to any other available method for the fair

16                   and efficient adjudication of the claims of the members of the CLASS;

17             (c)    The Class Members are so numerous that it is impractical to bring all

18                   Class Members before the Court;

19             (d)    PLAINTIFF, and the Class Members, will not be able to obtain effective

20                   and economic legal redress unless the Action is maintained as a Class

21                   Action;

22             (e)    There is a community of interest in obtaining appropriate legal and

23                   equitable relief for the common law and statutory violations and other

24                   improprieties, and in obtaining adequate compensation for the damages

25                   and injuries which CITIMORTGAGE's actions have inflicted upon the

26                   CLASS;

27            (f)    There is a community of interest in ensuring that the combined assets and

28                   available insurance of CITIMORTGAGE are sufficient to adequately

1    compensate the members of the CLASS for any injuries sustained;

2    (g)    CITIMORTGAGE has acted or has refused to act on grounds generally

3    applicable to the CLASS, thereby making final class-wide relief

4    appropriate with respect to the CLASS as a whole; and,

5    (h)    The Class Members are readily ascertainable from the business records

6    of CITIMORTGAGE.  The CLASS consists of all individuals who

7    were previously employed by CITIMORTGAGE as a Loan

8    Representative in California who were subject to the above described

9    uniform policies and practices in California during the applicable time

10    period.

11

12    **JURISDICTION & VENUE**

13    20.    This Court has jurisdiction over the PLAINTIFF's claims pursuant to 28 U.S.C.

14    § 1332 (CAFA Jurisdiction).

15    21.    With respect to the state law class claims, these state law class claims are

16    brought as a Class Action pursuant to Fed. R. Civ. Proc, Rule 23 on behalf of a class that

17    exceeds 100 persons, that involves more than $5,000,000 in controversy, and where the

18    citizenship of at least one member of the class is diverse from that of DEFENDANT.  As a

19    result, this Court has original jurisdiction over the state law class claims under 28 U.S.C. §

20    1332.

21    22.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because: (i)

22    DEFENDANT is subject to personal jurisdiction in this District and therefore resides in this

23    District; (ii) DEFENDANT maintains offices or facilities in this District; and, (iii)

24    DEFENDANT committed the wrongful conduct against members of the CALIFORNIA

25    CLASS in this District.

26

27

28

1

<u>FIRST CAUSE OF ACTION</u>

2

**For Unlawful, Unfair and Deceptive Business Practices**

3

**[Cal. Bus. And Prof. Code §§ 17200 *et seq.*]**

4

**(By PLAINTIFF and the CLASS and against DEFENDANT)**

5      23.     PLAINTIFF, and the Class Members, reallege and incorporate by this reference,

6   as though fully set forth herein, paragraphs 1 through 22 of this Complaint.

7      24.     DEFENDANT is a "persons" as that term is defined under the California

8   Business & Professions Code, Section 17021.

9      25.     Section 17200 of the California Business & Professions Code defines unfair

10  competition as any unlawful, unfair, or fraudulent business act or practice.  Section 17200

11  applies to violations of labor laws in the employment context.  Section 17203 authorizes

12  injunctive, declaratory, and/or other equitable relief with respect to unfair competition as

13  follows:

14          Any person who engages, has engaged, or proposes to engage in unfair
            competition may be enjoined in any court of competent jurisdiction.  The court
15          may make such orders or judgments, including the appointment of a receiver, as
            may be necessary to prevent the use or employment by any person of any practice
16          which constitutes unfair competition, as defined in this chapter, or as may be
            necessary to restore to any person in interest any money or property, real or
17          personal, which may have been acquired by means of such unfair competition.

18      26.     By the conduct alleged herein, CITIMORTGAGE's uniform policies and

19  practices violated and continue to violate California law, including Sections 201, 202, 203 and

20  204 for which this Court should issue equitable and injunctive relief, pursuant to Section 17203

21  of the California Business & Professions Code, including restitution of wages wrongfully

22  withheld.

23      27.     By the conduct alleged herein, CITIMORTGAGE's practices were unfair in that

24  these practices violate public policy, are immoral, unethical, oppressive, unscrupulous or

25  substantially injurious to employees, and are without valid justification or utility, for which this

26  Court should issue equitable and injunctive relief, pursuant to Section 17203 of the California

27  Business & Professions Code, including restitution of wages wrongfully withheld.

28      28.     By the conduct alleged herein, CITIMORTGAGE's practices were deceptive and

fraudulent in that CITIMORTGAGE's uniform, corporate policy was and is not to pay the PLAINTIFF, and the Class Members, commission compensation due for sales made by these employees before their employment terminated with DEFENDANT and failed to comply with the requirements of California law with respect to the payment of wages to employees upon termination of their employment in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq*., and have thereby deprived the PLAINTIFF, and the Class Members, of fundamental rights and privileges and caused them economic injury as herein alleged for which this Court should issue equitable and injunctive relief, pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

29.     By and through the unfair and unlawful business practices described herein, CITIMORTGAGE has obtained valuable property, money, and services from the PLAINTIFF, and from the Class Members, and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the detriment of the employees and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who comply with the law.

30.     All the acts described herein as violations of, among other things, the California Labor Code and the California Code of Regulations, are unlawful and in violation of public policy; and are immoral, unethical, oppressive, and unscrupulous, are deceptive, and thereby constitute unfair, deceptive and unlawful business practices in violation of the California Business & Professions Code, Sections 17200 *et seq*. DEFENDANT's conduct was also deceptive in that DEFENDANT represented to the PLAINTIFF and the others members of the CLASS that they were entitled to receive commission compensation for all mortgage loan sales originated by these employees prior to employment termination when in fact DEFENDANT's termination compensation policy prohibited employees from receiving commission compensation for loans originated by these employees prior to the employees' termination.

31.     PLAINTIFF, and the Class Members, are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which DEFENDANT has acquired, or of which the PLAINTIFF, and the Class Members, have been deprived, by means of the described unlawful and unfair business practices.

32.   PLAINTIFF, and the Class Members, are further entitled to, and do, seek a declaration that the described business practices are unfair and unlawful and that an injunctive relief should be issued restraining CITIMORTGAGE from engaging in any of these unfair and unlawful business practices in the future.

33.   PLAINTIFF, and the Class Members, have no plain, speedy, and/or adequate remedy at law that will end the unfair and unlawful business practices of DEFENDANT. Further, the practices herein alleged presently continue to occur unabated.  As a result of the unfair and unlawful business practices described herein, the PLAINTIFF, and the Class Members, have suffered and will continue to suffer irreparable harm unless DEFENDANT is restrained from continuing to engage in these unfair and unlawful business practices.   In addition, compensation to the PLAINTIFF as well as to the other members of the CLASS.

### SECOND CAUSE OF ACTION

**For Failure To Pay Earned Wages Following Employment Termination**

**[Cal. Lab. Code §§ 201, 202, 203, 204, and 206]**

**(By PLAINTIFF and the CLASS and against DEFENDANT)**

34.   PLAINTIFF, and the Class Members, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 33 of this Complaint.

35.   Cal. Lab. Code § 200 provides that:

As used in this article:
(a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation.
(b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

36.   Cal. Lab. Code § 201 provides, in relevant part, that: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

37.   Cal. Lab. Code § 202 provides, in relevant part, that: "If an employee not

having a written contract for a definite period quits his or her employment, his or her wages

shall become due and payable not later than 72 hours thereafter, unless the employee has

given 72 hours previous notice of his or her intention to quit, in which case the employee is

entitled to his or her wages at the time of quitting. Notwithstanding any other provision of

law, an employee who quits without providing a 72-hour notice shall be entitled to receive

payment by mail if he or she so requests and designates a mailing address. The date of the

mailing shall constitute the date of payment for purposes of the requirement to provide

payment within 72 hours of the notice of quitting."

38.     There was no definite term in any of the Class Members' employment

contract.

39.     Cal. Lab. Code § 203 provides: "If an employer willfully fails to pay, without

abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages

of an employee who is discharged or who quits, the wages of the employee shall continue as

a penalty from the due date thereof at the same rate until paid or until an action therefor is

commenced; but the wages shall not continue for more than 30 days." Cal. Lab. Code § 204

requires employers to pay employees for all hours worked as follows: "all wages... ...earned

by any person in any employment are due and payable twice during each calendar month, on

days designated in advance by the employer as the regular paydays."

40.     As set forth herein, DEFENDANT's policy and practice was to intentionally

and uniformly deny payment of commission compensation due for sales performed by the

Loan Representatives but which sales are funded and/or paid by the customer after the

termination of the Loan Representatives' employment.  This was done in an illegal attempt

to avoid payment of earned wages, compensation and other benefits in violation of the Cal.

Lab. Code and Industrial Welfare Commission requirements.  PLAINTIFF and the Class

Members are entitled to payment of the earned commissions due and owing, along with the

penalties set forth in Cal. Lab. Code § 203.

41.     At all times relevant times, DEFENDANT failed to pay the PLAINTIFF, and

the Class Members, compensation for the loans they originated as required by Cal. Lab.

1    Code §§ 201, 202 and 204.

2          42.     By virtue of DEFENDANT's unlawful failure to pay commission

3    compensation to the PLAINTIFF, and the Class Members, for the loans they originated, the

4    PLAINTIFF, and the Class Members, have suffered an economic injury in amounts which

5    are presently unknown to them and which will be ascertained according to proof at trial.

6    The amounts of commission compensation owed to the CALIFORNIA CLASS can be

7    ascertained from DEFENDANT's business records.

8          43.     PLAINTIFF, and the Class Members, request recovery of wages due

9    according to proof, interest, and costs, as well as the assessment of any and all available

10   penalties against DEFENDANT, in a sum as provided by the Cal. Lab. Code and/or other

11   statutes.

12         44.     In performing the acts and practices herein alleged in violation of labor laws

13   and refusing to provide the requisite overtime compensation, DEFENDANT acted and

14   continues to act intentionally, oppressively, and maliciously toward the PLAINTIFF, and

15   toward the other Class Members, with a conscious and utter disregard of their legal rights, or

16   the consequences to them, and with the despicable intent of depriving them of their property

17   and legal rights and otherwise causing them injury in order to increase corporate profits at

18   the expense of the PLAINTIFF and the Class Members.

19

20                                    **PRAYER**

21         WHEREFOR, the PLAINTIFF prays for judgment against each Defendant, jointly

22   and severally, as follows:

23   1.    On behalf of the CLASS:

24         A)     That the Court certify action asserted by the CLASS as a Class Action

25                pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

26         B)     An order temporarily, preliminarily and permanently enjoining and restraining

27                DEFENDANT from engaging in similar unlawful conduct as set forth herein;

28         C)     An order requiring DEFENDANT to pay all sums unlawfully withheld from

the PLAINTIFF and the other members of the CLASS;

D)      Disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to the PLAINTIFF and the Class Members; and,

E)      Penalties payable to all terminated employees in the CLASS in accordance with Cal. Lab. Code § 203.

2.      On all causes of action:

A)      An award of interest, including prejudgment interest at the legal rate;

B)      An award of penalties and cost of suit, but neither this prayer nor any other allegation or prayer in this Complaint is to be construed as a request, under any circumstance, that would result in a request for attorneys' fees under Cal. Lab. Code § 218.5; and,

C)      Such other and further relief as the Court deems just and equitable.

Dated:   February 2, 2011                    BLUMENTHAL, NORDREHAUG & BHOWMIK


By:___*/s/ Norman B. Blumenthal*_____
          Norman B. Blumenthal
          Attorneys for Plaintiff

1

## **DEMAND FOR JURY TRIAL**

2          PLAINTIFF demands a jury trial on issues triable to a jury.

3

4   Dated:   February 2, 2011                    BLUMENTHAL, NORDREHAUG & BHOWMIK

5
                                        By:___*/s/ Norman B. Blumenthal*_____
6                                             Norman B. Blumenthal
                                              Attorneys for Plaintiff
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28